UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARLAND J. COLLINS,

          Plaintiff,

                                            Case No. 09-CV-14355

vs.                                         HON. GEORGE CARAM STEEH

ST. JOHN MEDICAL CENTER,

          Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Earland Collins, a state prisoner, filed a pro se complaint and application to proceed without prepayment of fees on November 5, 2009. Upon reviewing the application, the court is persuaded that Collins is unable to pay the fees associated with the filing of his complaint. Miller's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Collins' IFP claims upon determining that his claims fail to state a claim on which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). To state a claim upon which relief may be granted, the plaintiff's factual allegations must present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting

Bell Atlantic, 127 S. Ct. at 1965).

Collins alleges that he was picked up by a St. John Medical Center ambulance team in Detroit, Michigan, after he was shot several times.  Collins alleges he told a doctor at the St. John Medical Center Emergency Room ("ER") that a bullet was still in his stomach.  The unnamed doctor allegedly told Collins there was no bullet in his stomach, and prescribed pain medication.  Collins alleges he was denied proper medical treatment at the St. John Medical Center ER because the bullet remains in his body, and he is still awaiting its removal.  Collins alleges defendant St. John Medical Center is liable for "medical malpractice violations" and "medical negligence," and seeks "$200 million dollar(s) for medical malpractice violation(s)."  Within the complaint, Collins makes various references to "constitutional violations."

To support a federal claim under 42 U.S.C. § 1983, the plaintiff must allege and show that: (1) he was deprived of constitutional right; and (2) the deprivation was caused by a person acting under color of state law.  Ingram v. Hall, No. 3:090169, 2009 WL 400126, *2 (E.D. Tenn. Feb. 18, 2009).  The acts of a private party cannot be contributed to the state unless the state actually compels the private party's conduct.  Pickard v. City of Girard, 70 F.Supp.2d 802, 807 (N.D. Ohio 1999) (citing United States v. Coleman, 628 F.2d 961, 964 (1978)).  To prove an actionable claim under the Eighth Amendment for a denial or delay in medical care, the plaintiff must prove that the defendant was deliberately indifferent to his serious medical needs.  Ingram, 2009 WL 400126 at *2 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  "Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief" under § 1983.  Id. at *3 (citing Estelle, 429 U.S. at 105-06).

Collins fails to allege the deprivation of a constitutional right, or that private party-defendant St. John Medical Center was acting under color of state law when its ER

2

physician allegedly failed to remove a bullet from his stomach. <u>Ingram</u>, 2009 WL 400126 at *2; <u>Pickard</u>, 70 F.Supp.2d at 807. Collins' medical malpractice claims fail to allege federal constitutional claims. <u>Ingram</u>, 2009 WL 400126 at *3 ((citing <u>Estelle</u>, 429 U.S. at 105-06). Collins has failed to allege a plausible claim under federal law. <u>Twombly</u>, 550 U.S. at 564. To the extent Collins alleges a state law claim of medical malpractice, Collins has not alleged facts that could support a finding of federal diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332. Accordingly,

Plaintiff Earland Collins' November 5, 2009 complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). <u>McGore</u>, 114 F.3d at 612.

SO ORDERED.

Dated: November 16, 2009

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2009, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Deputy Clerk

---